IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL CASSANOVA DYSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 5:11CV17
(Criminal Action No. 5:09CR21-06)
(STAMP)

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RELIEF FROM JUDGMENT

On June 2, 2013, this Court entered a memorandum opinion and order denying the above-named petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In the petitioner's motion, he had argued, among other things, that the amount of drug relevant conduct attributed to him at sentencing was speculation and insufficiently supported. In rejecting that contention, this Court found that the government had sufficiently supported its allegations of drug relevant conduct with both testimony and exhibits regarding drugs seized and obtained through controlled buys. The petitioner has since appealed to the United States Court of Appeals for the Fourth Circuit this Court's above-described memorandum opinion and order denying his § 2255 motion. That appeal remains pending.

On July 30, 2013, the petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). In support of this motion, the petitioner argues that, regardless

of whether the Unites States sufficiently supported the drug relevant conduct attributed to him at sentencing, the findings of this Court regarding drug relevant conduct at sentencing were improper under Supreme Court's recent opinion in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). The petitioner argues that the Court's opinion in <u>Alleyne</u> mandates that the jury decide that the issue of relevant drug conduct be submitted to a jury, rather than decided by a judge at sentencing, and because the jury only convicted him of the drug relevant conduct for which he was charged, "fifty (50) or more Grams of Cocaine Base," it did not convict the petitioner of the 3.6 kilograms of cocaine base for which he was sentenced. He argues that, thus, his sentence was improper.

This Court directed the United States to respond to the petitioner's motion for relief from judgment. In its response, the United States argues that the petitioner's application of <u>Alleyne</u> to the facts of this case is misguided. It asserts that <u>Alleyne</u> only applies in situations where the existence or absence of a certain fact determines the applicability of a statutory mandatory minimum sentence. According to the United States, <u>Alleyne</u> expressly does not apply to factual determinations effecting a defendant's guideline range under the United States Sentencing Guidelines, the determination of which is entirely left to the sentencing judge under <u>United States v. Booker</u>, 543 U.S. 220

(2005). This Court agrees and will deny the petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment order . . . for the following reasons . . . (4) the judgment is void . . ." The petitioner here argues that relief pursuant to Rule 60(b) is appropriate because the judgment of this Court denying his motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is void as a result of Alleyne.

In Alleyne, the defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A), then at sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S. Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. This holding extended the Supreme Court's prior holding in

3

Apprendi v. New Jersey, 530 U.S. 466 (2000), where the Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 13902 *1 (7th Cir. July 10, 2013) (noting that Alleyne is an extension of Apprendi).

The Supreme Court's holding in Alleyne, as well as the Court's holding in Apprendi, do not apply to the petitioner's arguments regarding the drug relevant conduct for which he was sentenced, because those cases determined that all facts that effect the statutory maximum or minimum sentence to which the defendant is exposed be submitted to and decided by a jury, rather than the judge at sentencing. The jury in petitioner's case expressly found that the crime for which the petitioner was found guilty of committing involved "fifty (50) grams or more of cocaine base." ECF No. 282 *1. This finding by the jury meant that, statutorily, under 21 U.S.C. §§ 841(b)(1)(A), the petitioner was eligible for ten years to life imprisonment. This Court's later determination of the exact amount of drug relevant conduct effected only the guideline sentencing range to which the petitioner was exposed. The statutory range remained that set forth in § 841(b)(1)(A), as expressly found by the jury. As noted by the United States, determinations as to appropriate guideline range are rightfully made by the sentencing judge, and the Supreme Court's decision in

4

Alleyne does not effect the judge's authority in this regard.  133 S. Ct. at 2163; Booker, 543 U.S. 220.  As such, the petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 539) is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:    August 26, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE